

JARROD L. SCHAEFFER
PARTNER

256 Fifth Avenue, 5th Floor
New York, NY 10001
(646) 970-7339 (direct dial)
jschaeffer@aellaw.com

May 7, 2024

**By ECF**

Honorable Nina Gershon
United States District Judge
U.S. District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

  Re: *Roosevelt Road Re, Ltd., et al. v. John Hajjar, MD, et al.*
     Civil Docket No. 23 Civ. 1549 (NG) (LB)

Your Honor:

  We represent defendants John Hajjar, MD; Boro Ventures, LLC; Sovereign Medical Group, LLC; and Regent Medical Properties, LLC (collectively, "Defendants"), in the above-referenced action. Pursuant to Rule 3(A) of the Court's Individual Motion Practices, we write respectfully to request a pre-motion conference concerning Defendants' anticipated motions to dismiss and for the imposition of sanctions.[1]

  On March 1, 2024, plaintiffs Roosevelt Road Re, Ltd. ("Roosevelt"), and Tradesman Program Managers, LLC ("Tradesman" and together, the "Plaintiffs"), filed this action against 46 different defendants, including medical facilities, healthcare providers, law firms, and others. (*See* Dkt. 1.) The complaint, which spans 99 pages, contains 392 paragraphs of allegations, and attaches over 2,000 pages of exhibits supposedly related to those allegations, generally alleges a sweeping fraud scheme purportedly to obtain workers' compensation insurance benefits. (*See id.*) Despite its length, however, the complaint is deficient in almost all meaningful respects. Accordingly, Defendants respectfully request permission to seek dismissal on several grounds.

  *First*, Plaintiffs lack both constitutional and statutory standing. The former requires an "injury in fact," meaning "an invasion of a legally protected interest which is (a) concrete and particularized[] and (b) actual or imminent, not conjectural or hypothetical." *Lacewell v. Off. of Comptroller of Currency*, 999 F.3d 130, 141 (2d Cir. 2021) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)). Standing under the Racketeer Influenced Corrupt Organizations ("RICO") Act is even more stringent. *See Denney v. Deutsche Bank AG*, 443 F.3d 253, 266 (2d

---

[1]  We note that certain other parties, who appear to have been served before Defendants, have also requested a pre-motion conference in anticipation of seeking similar relief. (Dkt. 14.)

Cir. 2006) ("RICO standing is a more rigorous matter than standing under Article III."). Plaintiffs lack standing because neither has suffered a cognizable injury. The complaint never alleges that Roosevelt has paid money to cover any allegedly fraudulent claim. Moreover, "[t]here are significant and basic differences between primary insurance and reinsurance." *Unigard Sec. Ins. Co. v. N. River Ins. Co.*, 594 N.E.2d 571, 574 (N.Y. 1992). The alleged primary insurer is not a party to this action and, as a reinsurer, Roosevelt is neither directly liable to insured claimants nor "responsible for providing a defense, for investigating [a] claim or for attempting to get control of the claim in order to effect an early settlement . . . ." (Dkt. 1 ¶ 20 (quoting *Unigard Sec. Ins. Co.*, 594 N.E.2d at 574).) For its part, Tradesman concedes that it is not "ultimately the damaged party in interest." (Dkt. 1 ¶ 56.) And beyond speculation about lost business following the primary insurer's independent decision to stop issuing policies in New York, Tradesman similarly is not liable for policy payments. (*See id.* ¶ 57.) Neither Plaintiff has sufficiently alleged standing.

*Second*, almost half of Plaintiff's claims are frivolous. It is a longstanding "general precept of criminal law that unless [a] statute specifically authorizes a private right of action, none exists." *Vasile v. Dean Witter Reynolds Inc.*, 20 F. Supp. 2d 465, 477 (E.D.N.Y. 1998), *aff'd*, 205 F.3d 1327 (2d Cir. 2000). Plaintiffs alleged multiple claims premised on criminal statutes that do not contain private rights of action. (*See* Dkt. 1 ¶¶ 373–88). And they did so with full knowledge that they were advancing meritless claims. (*See, e.g., id.* ¶ 380 (alleging violation under N.Y. Penal Law § 460.20 while admitting the claim is "not independently privately actionable under New York State Law").

*Third*, the complaint fails to plead necessary elements under RICO and to allege fraud with the required particularity. RICO requires pleading "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 496 (1985). The complaint does not allege facts establishing these elements as to Defendants; indeed, it does not allege *any* facts regarding particular actions that Defendants purportedly undertook. The complaint's exhibits likewise are devoid of any reference to Defendants germane to the allegations in this case. At a minimum, these deficiencies show that the complaint fails to "state with particularity the circumstances constituting fraud," Fed. R. Civ. 9(b), and fails to "allege facts that give rise to a strong inference of fraudulent intent." *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994). And because Plaintiffs' substantive RICO claim fails, so too does their RICO conspiracy. *Cf. Cofacredit, S.A. v. Windsor Plumbing Supply Co.*, 187 F.3d 229, 244 (2d Cir. 1999).

*Fourth*, the remaining claims alleging common law fraud, aiding and abetting fraud, deceptive business practices, unjust enrichment, and seeking declaratory judgment fail to state claims for relief. As noted, the complaint never alleges any actions specific to Defendants and their sole mention is in a section purporting to identify certain parties—and non-parties—that supposedly have ordinary business relationships. (*See id.* ¶¶ 61–101.) In any event, because the complaint's only federal causes of action fail, the Court should not exercise supplemental jurisdiction over these state law claims. *Cf. Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Archway Ins. Servs. LLC*, No. 11 Civ. 1134 (WHP), 2012 WL 1142285, at *6 (S.D.N.Y. Mar. 23, 2012).

*Fifth*, even if Plaintiffs' claims had been properly pled, the Court should dismiss this action pursuant to *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943). At bottom, Plaintiffs take issue with New York's Workers' Compensation Law ("WCL") and the adjudication of claims under that

comprehensive framework. (*See, e.g.*, Dkt. ¶¶ 29–33, 35, 41–43.) "Based upon principles of federalism and comity, Burford abstention requires federal courts to abstain where the exercise of jurisdiction would unnecessarily interfere with the administration of a complex state regulatory system." *Capitol Indem. Corp. v. Curiale*, 871 F. Supp. 205, 208 (S.D.N.Y. 1994). The Second Circuit has further recognized—in a case that Plaintiffs themselves cite (*see* Dkt. ¶¶ 30, 33)—that allowing federal claims premised on WCL provisions "threaten[s] to frustrate the purpose of the complex administrative system that New York has established." *Liberty Mut. Ins. Co. v. Hurlbut*, 585 F.3d 639, 650 (2d Cir. 2009) (internal citation omitted). Abstention is warranted, particularly since the governing state board has continuing jurisdiction to revise "former findings, awards, decisions or orders . . . as in its opinion may be just," N.Y. Workers' Comp. Law § 123 (McKinney 2024), and both the New York Attorney General and the Workers' Compensation fraud inspector general are empowered to pursue alleged fraud. *See id.* §§ 132, 136.

Finally, Defendants intend to seek sanctions. As others have noted, here "[t]he utter inadequacy of the RICO claims alone would justify sanctions given the stigma attached to RICO allegations." *Kochisarli v. Tenoso*, No. 02-CV-4320 (DRH)(MLO), 2006 WL 721509, at *9 (E.D.N.Y. Mar. 21, 2006), *adhered to on recons.*, 2007 WL 1017613 (E.D.N.Y. Mar. 30, 2007). Omitting factual allegations about any particular actions supposedly undertaken by Defendants, Plaintiffs nonetheless invoked "the litigation equivalent of a thermonuclear device," which "has an almost inevitable stigmatizing effect on those named as defendants." *Sky Med. Supply Inc. v. SCS Support Claims Servs., Inc.*, 17 F. Supp. 3d 207, 220 (E.D.N.Y. 2014) (quoting *Katzman v. Victoria's Secret Catalogue*, 167 F.R.D. 649, 655 (S.D.N.Y. 1996)). They did so without standing, and knowingly supplemented their RICO claims with frivolous invocations of criminal statutes.

Plaintiffs previously opposed a pre-motion conference request, arguing that none was warranted because they may try to amend their complaint. (*See* Dkt. 20 at 1, 3.) Leaving aside that any amendment is likely improper or futile, Plaintiffs ignore that sued parties must respond to the complaint that was filed by moving or answering within 21 days. *See* Fed. R. Civ. P. 12. They further ignore that the very rule they cite contemplates amendments "after service of a motion under Rule 12(b) . . . ." Fed. R. Civ. P. 15(a)(1)(B). There is no reason to delay motion practice.

Accordingly, Defendants respectfully request a pre-motion conference concerning their anticipated motions or, in the alternative, ask that the Court set a briefing schedule providing Defendants thirty days in which to file their motions.

Dated: May 7, 2024
      New York, New York

                                               */s/ Jarrod L. Schaeffer*

                                               Scott R. Landau
                                               Jarrod L. Schaeffer
                                               Jan Jorritsma

                                               ABELL ESKEW LANDAU LLP
                                               256 Fifth Avenue, 5th Floor
                                               New York, NY 10001
                                               jschaeffer@aellaw.com
                                               (646) 970-7339