

May 14, 2024

Hon. Nina Gershon  **VIA *ECF***
United States District Court
for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re:   Case No. 24-cv-01549; *Roosevelt Road Re, Ltd. v. Hajjar, et al.*; United States District Court, Eastern District of New York

Dear Judge Gershon:

Pursuant to Court Rule 3A, Plaintiffs respectfully respond to the letter submitted by Defendants John Hajjar, MD, Boro Ventures, LLC, Sovereign Medical Group, LLC, and Regent Medical Properties, LLC (collectively "Hajjar Defendants"). *See* Docket No. 31. Hajjar and Hajjar Corporate Defendants' letter to the Court will be addressed irrespective of how any alleged insufficiencies are readily cured by submission of an amended complaint.

Plaintiffs respectfully submit that any discussion of a motion to dismiss or for sanctions is premature, given that Plaintiffs retain their Rule 15(a)(1)(B) right to amend their Complaint within twenty-one days of receipt of a responsive pleading or motion pursuant to, *inter alia*, Rule 12(b). Moreover, neither counsel's prior letters to the undersigned or the Court nor a pre-motion hearing abrogates the requirement that a formal stand-alone motion for sanctions be served twenty-one days prior to filing the same. *See* Fed. R. Civ. P. 11(c)(2). A letter will not suffice. *See Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*, 682 F.3d 170, 175 (2d Cir. 2012); *see also Castro v. Mitchell*, 727 F. Supp. 2d 302, 307-08 (S.D.N.Y. 2010).

1. **The Plaintiffs have Standing.**

First, Hajjar Defendants cite general case law relating to standing to assert that Plaintiffs lack same. Even prior to exercising its right to amend the complaint, Plaintiff Tradesman Program Managers ("Tradesman") respectfully submits that Docket Nos. 1-48, 1-49, 1-50, and 1-51 adequately identify specific general liability claim-related payments made on Tradesman's behalf by Gallagher Bassett Services, Inc. pursuant to contract between said entities. As Plaintiffs' Original Complaint explains at length, these payments were the product of the racketeering activity detailed herein, which utilized a fraudulent treatment protocol to manufacture a treatment record before the New York State Workers' Compensation Board ("the Board") to thereafter obtain windfall recoveries brought against the general liability claims for which Tradesman was responsible. Moreover, relevant Supreme Court precedent has underscored that RICO damages

DALLAS  |  FORT WORTH  |  HOUSTON  |  SAN ANTONIO

The Willis Law Group, PLLC  |  1985 Forest Lane, Garland, Texas 75042
(214) 736.9433 – Main  |  (214) 736.9994 - Facsimile
TheWillisLawGroup.com  |  E-Service Address: service@thewillislawgroup.com

Hon. Nina Gershon
May 14, 2024
Page 2

pursuant to 18 U.S.C. § 1964(c) are determinable not through any 'bright-line rule' but through a fact-intensive contextual test, as being "true to the statute's meaning." *Yeziazaryan v. Smagin*, 599 U.S. 533, 536 (2023).

Second, Hajjar Defendants err in musing that Roosevelt is not directly liable to any claimant. The first is irrelevant, as this action revolves around claimant enterprises and not claimants themselves. What is relevant and substantively unchallenged is Roosevelt "provides reinsurance that covers the claims at issue sufficient to constitute a party directly and ultimately damaged by the racketeering enterprises set forth herein." Docket 1 at ¶ 1.

2. **The Complaint is not 'frivolous.'**

Hajjar Defendants sweepingly assert that "almost half of Plaintiff's [sic] claims are frivolous" (Docket 31 at p. 2) yet cite only N.Y. Pen. L. § 460.20, and then only due to Plaintiffs' admission that there is no private cause of action written into that section. However, the inclusion of same does not reflect frivolity, but at most a perhaps too oblique reference to causes of action sounding in *qui tam*, insofar as no state entities have yet prosecuted same. Here too, amendment and clarification of the complaint suffices to fully negate Hajjar Defendants' claims.

3. **The complaint pleads necessary RICO elements.**

Hajjar Defendants generally declare that the complaint somehow fails to plead necessary elements and otherwise allege fraud with particularity. Plaintiffs have detailed a multitiered fraudulent scheme consisting of multilayered fraudulent enterprises and specific racketeering activity engaged in to achieve same consisting of both mail and wire fraud. *See* Docket Nos. 1-52, 1-53, 1-54 and 1-55.

4. **The complaint states further claims for relief.**

While again noting their right to amend the complaint to provide further clarity, Plaintiffs respectfully submit that the state law claims seek specific relief and are supplementary to the federal claims that Hajjar Defendants have not substantively disputed. With respect to Defendant Hajjar in particular, Plaintiffs' Original Complaint has alleged significantly more than a mere recapitulation of some of his enterprises, and two ambulatory surgery centers which he has been known to control are directly implicated in and integral to claimant enterprises detailed in the complaint as terminal points for lucrative unnecessary surgical treatment provided in order to inflate the estimated value of the enterprise claims. Regardless, since the federal claims are amply pled, the Court should maintain its supplementary jurisdiction over the state claims, since they and the federal claims clearly "derive from a common nucleus of operative fact." *U.M.W.A. v. Gibbs*, 383 U.S. 715, 725 (1966).

Hon. Nina Gershon
May 14, 2024
Page 3

     **5.** ***Burford v. Sun Oil Co.*, 319 U.S. 315 (1943) does not apply**.

     Hajjar Defendants next argue that *Burford* abstention should somehow apply to bar this action. Here too, they misapprehend the nature and scope of the enterprises. While the Board retains jurisdiction over individual claims, as set forth in the First Complaint, Defendants' racketeering activities in the Workers' Compensation forum – to which Plaintiffs are not privy and unable to challenge – are means by which they seek recovery against Plaintiffs in the general liability tort context, over which the Board lacks any jurisdiction. Nor will this Court be called upon to interpret state law; resolution of the action does not require any interpretation of or change to same, and adjudication of this controversy does not compel the Board to exercise its rights pursuant to N.Y. W.C.L. § 123 in any fashion. Defendants cannot evade liability by simply using the Workers' Compensation Board as a tool to conduct their racketeering scheme. Furthermore, the New York State Attorney General's ability to pursue fraud does not have any bearing on the rights of private parties to pursue private RICO actions.

     While the Hajjar Defendants proclaim an intent to seek sanctions, repeated rhetoric alleging insufficiency of the complaint does not auto-materialize any legitimate basis for same, much as citing to "*Kochisarli v. Tenoso*" (Docket 31 at p. 3) has no rational bearing on the detailed and supported allegations set forth in the complaint.

     Finally, notwithstanding the Hajjar Defendants' opinions regarding amendment, Plaintiffs do not ignore any statutory provision. To the contrary, Plaintiffs are cognizant of the Court's rules that provide service of a pre-motion letter renders the proposed motion timely but are proceeding in the interest of judicial economy rather than premature costly motion practice.

     Under these circumstances, Plaintiffs respectfully pray that the University Defendants' request for a pre-motion conference be denied, or in the alternative that such conference be scheduled no sooner than seven days after the expiration of the relevant Rule 15(a)(1) time periods.

                                                    Respectfully submitted,

                                                    **THE WILLIS LAW GROUP, PLLC**

                                        By: /s/ *William J. Clay*
                                              **WILLIAM J. CLAY** *(admitted pro hac)*
                                              wclay@thewillislawgroup.com
                                              **MICHAEL A. GRAVES**
                                              mgraves@thewillislawgroup.com
                                              **AARON E. MEYER**
                                              ameyer@thewillislawgroup.com
                                              **KIRK D. WILLIS** *(admitted pro hac)*
                                              kwillis@thewillislawgroup.com
                                              1985 Forest Lane
                                              Garland, Texas 75042

Hon. Nina Gershon
May 14, 2024
Page 4

                                          Telephone: 214-736-9433
                                          Facsimile: 214-736-9994
                                          Service Email: service@thewillislawgroup.com
                                          ***ATTORNEYS FOR THE PLAINTIFFS***
                                          **ROOSEVELT ROAD RE, LTD. and**
                                          **TRADESMAN PROGRAM MANAGERS, LLC**