

June 21, 2024

Hon. Nina Gershon                                            VIA *ECF*
United States District Court
for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re:   Case No. 24-cv-01549; Roosevelt Road Re, Ltd. v. Hajjar, et al.; United States District Court, Eastern District of New York

Dear Judge Gershon:

Pursuant to Court Rule 3A, Plaintiffs respectfully respond to the letter submitted by Defendants Joseph Weinstein DO and Joseph Weinstein DO, PC ("Weinstein Defendants".) *See* Docket No. 52. Plaintiffs will address the Weinstein Defendants' letter to the Court irrespective of how any alleged insufficiencies are readily cured by submission of an amended complaint.

1. **The Plaintiffs have standing.**

The Weinstein Defendants asserts that Plaintiffs lack standing, simply asserting that neither Tradesman Program Managers, LLC nor Roosevelt has any "injury in fact." Even prior to exercising its right to amend the complaint, Plaintiff Tradesman Program Managers ("Tradesman") respectfully submits that Docket Nos. 1-48, 1-49, 1-50, and 1-51 adequately identify specific general liability and workers' compensation claim-related payments that Plaintiffs were induced to make. Specifically, as Plaintiffs' Original Complaint explains at length, these payments were the product of racketeering activity detailed therein. The scheme, *inter alia*, utilizes a fraudulent treatment protocol to manufacture treatment records and invoices before the New York State Workers' Compensation Board ("the Board") and to also obtain windfall recoveries brought through and against Plaintiffs under the general liability claims. Moreover, relevant Supreme Court precedent has underscored that RICO damages pursuant to 18 U.S.C. § 1964(c) are determinable not through any 'bright-line rule' but through a fact-intensive contextual test, as being "true to the statute's meaning." *See Yeziazaryan v. Smagin*, 599 U.S. 533, 536 (2023). Plaintiffs' Complaint clearly alleges damages in the form of actual expenses paid and the loss of substantial business. *See* Docket 1 at ⁋ 17. An additional description of Plaintiff Tradesman Program Managers' damages is provided, with reference to exhibits attached thereto, in the Original Complaint at paragraph 59.

**PENNSYLVANIA | NEW YORK | NEW JERSEY | DELAWARE | WEST VIRGINIA | FLORIDA | TEXAS**

**The Willis Law Group, PLLC**  |  1985 Forest Lane, Garland, Texas 75042
(214) 736.9433 – Main  |  (214) 736.9994 - Facsimile
TheWillisLawGroup.com  |  E-Service Address: service@thewillislawgroup.com

Hon. Nina Gershon
June 21, 2024
Page 2

As for Plaintiff Roosevelt, its position as a damaged party is clearly alleged in Plaintiffs' Complaint: "[Roosevelt] provides reinsurance that covers the claims at issue sufficient to constitute a party directly and ultimately damaged by the racketeering enterprises set forth herein." Docket 1 at ¶ 1.

2. **Plaintiffs have pleaded the requisite elements of a RICO claim.**

The Weinstein Defendants declare that the complaint fails to plead necessary elements and otherwise allege fraud with particularity required by Rule 9(b). Plaintiffs do not have the length to restate all the allegations for each element with the brevity required by a response to a pre-motion conference letter. Nonetheless, Plaintiffs have detailed a multitiered fraudulent scheme consisting of multilayered fraudulent enterprises and specific racketeering activity engaged in to achieve same consisting of both mail and wire fraud. See Docket Nos. 1-52, 1-53, 1-54 and 1-55. To briefly address the Weinstein Defendants' contentions: Plaintiffs have alleged that the Weinstein Defendants are members at least one enterprise (Dkt. 1 at ¶¶ 5, 26, and 231), have engaged in a pattern of racketeering (Dkt. 1-55), committed at least 14 predicate acts of mail and wire fraud, and conducted themselves in agreement with other Defendants (Dkt. 1 at ¶¶ 343, 358, 359, 374, and 376.)

The Weinstein Defendants additionally claim that Plaintiffs have not met the heightened pleading requirements for fraud under Rule 9(b). Plaintiffs' Complaint specifically alleges the Weinstein Defendants knowingly participated in what the Complaint defines as the "fraudulent treatment protocol" which, in the Weinstein Defendants' case, involves, in part, submitting evaluations and statements that Claimants were disabled and that their injuries were causally related to workplace incidents when neither were true. *See* Docket 1 at ¶¶ 181-187, and ¶ 12(b). Such fraudulent treatment protocol is described with particularity in the Plaintiffs' Complaint. *See* Docket 1 at ¶ 11. Furthermore, the submission of the above-referenced statements are described with particularity in Plaintiffs complaint with specific instances of mail and wire fraud. *See* Docket 1-55.

3. **Plaintiffs' claims should not be dismissed for lack of private right of action and supplemental jurisdiction should be exercised.**

The Weinstein Defendants challenge a number of Plaintiffs' causes of action, asserting that no right to a private cause of action exists for them. Plaintiffs are, at worst, making oblique reference to causes of action sounding in *qui tam*, insofar as no state entities have yet prosecuted same. Here too, amendment and clarification of the complaint suffices to fully negate the Weinstein Defendants' challenges. To the extent the Weinstein Defendants assert dismissal based upon a lack of private right of action for mail and wire fraud, such assertion fails as it is well recognized that mail and wire fraud constituted legally adequate predicate acts to a RICO claim. *See Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1176 (2d Cir. 1993)(citation omitted). While again noting their right to amend the complaint to provide further clarity, Plaintiffs respectfully submit that any state law claims seek specific relief and are supplementary to the federal claims that Plaintiffs have asserted against the Weinstein Defendants. Since the federal claims are amply pled, the Court should maintain its supplementary jurisdiction over the state claims, since they and the federal

Hon. Nina Gershon
June 21, 2024
Page 3

claims clearly "derive from a common nucleus of operative fact." *U.M.W.A. v. Gibbs*, 383 U.S. 715, 725 (1966).

    **4.   *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943) does not apply.**

    Like other Defendants, the Weinstein Defendants mistakenly cite *Burford* in their pre-motion conference letter as precedent that would bar Plaintiffs from seeking recovery in this case. Again, as Plaintiffs noted in their responses to other Defendants, the Workers Compensation Board retains jurisdiction over individual claims, as set forth in the First Complaint, Defendants' racketeering activities in the Workers' Compensation forum – to which Plaintiffs are not privy and unable to challenge – are means by which they seek recovery against Plaintiffs in the general liability tort context, over which the Board lacks any jurisdiction. Nor will this Court be called upon to interpret state law; resolution of the action does not require any interpretation of or change to same, and adjudication of this controversy does not compel the Board to exercise its rights pursuant to N.Y. W.C.L. § 123 in any fashion. Defendants, including the Weinstein Defendants, cannot evade liability by simply using the Workers' Compensation Board as a tool to conduct their racketeering scheme. Furthermore, the New York State Attorney General's ability to pursue fraud does not have any bearing on the rights of private parties to pursue private RICO actions.

                                                   Respectfully submitted,

                                                   **THE WILLIS LAW GROUP, PLLC**

                             By: /s/ *William J. Clay*
                                    **WILLIAM J. CLAY** *(admitted pro hac)*
                                    wclay@thewillislawgroup.com
                                    **MICHAEL A. GRAVES**
                                    mgraves@thewillislawgroup.com
                                    **AARON E. MEYER**
                                    ameyer@thewillislawgroup.com
                                    **KIRK D. WILLIS** *(admitted pro hac)*
                                    kwillis@thewillislawgroup.com
                                    1985 Forest Lane
                                    Garland, Texas 75042
                                    Telephone: 214-736-9433
                                    Facsimile: 214-736-9994
                                    Service Email: service@thewillislawgroup.com
                                    ***ATTORNEYS FOR THE PLAINTIFFS***
                                    **ROOSEVELT ROAD RE, LTD. and**
                                    **TRADESMAN PROGRAM MANAGERS, LLC**